STATE OF MONTANA,
Plaintiff,                                                NO. CR 93-112
vs.                                                      DECISION
MICHAEL JOHN CARTER,
Defendant.

On March 21, 1994, the Defendant was sentenced to ten (10) years with two (2) years suspended for the offense of Felony Assault in Montana State Prison, plus conditions as stated in the March 21, 1994 Judgment. The defendant shall receive a total credit of 19 days time served in jail prior to sentencing. The defendant is designated a dangerous offender for purposes of parole. The defendant is ineligible for parole until he has successfully completed all phases of both the Montana State Prison alcohol treatment program and the anger management program.

On May 6, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded pro se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to deem inadequate or excessive as required to overcome the presumption per Rule 17 of the Rules of the Sentence Review Division of the Montana Supreme Court.

DATED this 6th day of May, 1994.

Hon. G. Todd Baugh, Chairman, Hon. John Warner and
Hon. Ted Lympus, Members.
The Sentence Review Board wishes to thank Michael Carter for representing himself in this matter.